CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 01 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JODY L. ROTHWELL, | ) |
| | ) Civil Action No. 7:15CV00691 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By:  Hon. Glen E. Conrad |
| | )        Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Jody L. Rothwell, was born on February 10, 1969, and eventually reached the tenth grade in school. Mr. Rothwell has been employed as an ATM dispatcher and as a production line worker in a furniture company. He last worked on a regular basis in 2012. In March of 2012, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. His claims were denied upon initial consideration and reconsideration. He then sought and received a de novo hearing and review before an Administrative Law Judge. On February 19, 2014, the Law Judge rendered an opinion denying Mr. Rothwell's entitlement to

benefits. Plaintiff then appealed to the Social Security Administration's Appeals Council. The Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Upon appeal to this court, the court affirmed the Commissioner's final decision denying plaintiff's entitlement to disability insurance benefits and supplemental security income benefits.

On October 16, 2014, while the appeal of the denial of his earlier claims was still pending in this court, Mr. Rothwell filed new applications for disability insurance benefits and supplemental security income benefits. On this occasion, plaintiff alleged that he became disabled for all forms of substantial gainful employment on January 14, 2012 due to uncontrolled diabetes; arthritis in his feet; sleep apnea; pain in his feet, right elbow, and back; kidney failure; fatigue; gout; and depression.[1] Mr. Rothwell now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the Commissioner's decision. See gen., 42 U.S.C. §§ 416 (i) and 423(a).

Once again, plaintiff's applications were denied upon initial consideration and reconsideration. He then sought and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 18, 2015, the same Administrative Law Judge again determined that Mr. Rothwell is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including insulin dependent diabetes mellitus; morbid obesity; obstructive sleep apnea; gout; osteoarthritis of both knees; status post right foot

---

[1] At the time of the most recent administrative hearing, plaintiff amended his applications so as to reflect an alleged disability onset date of February 20, 2014. (TR 47).

2

fusion; history of acute kidney injury; and depressive/anxiety disorders. (TR 16). Because of these impairments, the Law Judge ruled that Mr. Rothwell is disabled for his past relevant work roles. (TR 32). However, the Law Judge held that plaintiff retains sufficient functional capacity for a limited range of sedentary work activity. The Law Judge assessed Mr. Rothwell's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant can lift or carry, including upward pulling, 20 pounds occasionally and 10 pounds frequently; stand or walk, for about two hours during an eight-hour workday; and sit for six hours during an eight-hour workday. The claimant can occasionally push or pull with the bilateral lower extremities. He can occasionally climb ramps or stairs, balance, stoop, kneel, or crouch. He can never climb ladders, ropes, or scaffolds, crawl, or operate foot controls. The claimant must avoid concentrated exposure to extreme temperatures, and avoid all exposure to hazardous machinery and work at unprotected heights or on vibrating surfaces. There can be no required driving on the job. Finally, the claimant is able to understand, remember, and carry out simple instructions in repetitive, unskilled work that involves occasional interaction with the general public.

(TR 19). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Rothwell retains sufficient functional capacity for several specific sedentary work roles existing in significant number in the national economy. (TR 33-34). Specifically, the Law Judge noted potential jobs as a small parts assembler, surveillance system monitor, and product inspector. (TR 34). Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final

3

decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Rothwell has again appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

On this occasion, after reviewing the medical and vocational evidence, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. While Mr. Rothwell suffers from a variety of medical problems, the court agrees that his most vocationally relevant difficulties include intractable diabetes, obesity, musculoskeletal problems including gout, and depressive/anxiety disorder. The court believes that the Administrative Law Judge accounted for most of these work-related problems in her hypothetical question to the vocational expert. Indeed, in terms of her assessment of plaintiff's physical limitations, the court finds no fault with the Law Judge's resolution of Mr. Rothwell's case. The difficulty in this matter turns on the Law Judge's treatment of plaintiff's emotional problems.

It seems that in the months following the Administrative Law Judge's decision on Mr. Rothwell's first applications for benefits, plaintiff's physician determined that he was suffering

from anxiety and depression. The treating physician, Dr. Elvis Pagan, produced a report indicating that Mr. Rothwell experienced disabling, severe depression. Dr. Pagan referred Mr. Rothwell to a psychiatrist. The psychiatrist, Dr. Suzanne C. Jamison, eventually diagnosed depression, insomnia, and anxiety. Dr. Jamison prescribed medication for relief of associated symptoms. As noted by the Administrative Law Judge, in subsequent reports, Dr. Jamison and Dr. Pagan described improvement in plaintiff's emotional difficulties. Based on her reading of these reports, the Administrative Law Judge ruled that while Mr. Rothwell experiences a severe impairment on the basis of depressive/anxiety disorders, his emotional problems are not as severe as to prevent performance of simple, repetitive, unskilled work roles, involving only occasional interaction with the public, for which he is otherwise physically capable. (TR 19). The Law Judge also relied on a report from a state agency psychological consultant in concluding that Mr. Rothwell experiences moderate difficulties in concentration, persistence, or pace. (TR 18, 32). In this respect, the Law Judge concluded as follows:

> In short, though the claimant's combined impairments reasonably contribute to "moderate" difficulties in maintaining concentration, persistence, or pace, the alleged social difficulties are "mild to moderate." The limitation to simple, repetitive, unskilled tasks with occasional interaction with the general public is generally well supported by medical evidence, including clinical findings and other objective evidence, and generally consistent with the record as a whole.

(TR 32).

The difficulty in this case is that in formulating a hypothetical question for the vocational expert, the Administrative Law Judge did not attempt to account for the finding of "moderate difficulties in maintaining concentration, persistence, or pace." Despite having found that Mr. Rothwell experiences a severe impairment on the basis of depressive/anxiety disorders, which

5

results in moderate difficulties in maintaining concentration, persistence, or pace, the Law Judge asked the vocational expert only to consider that plaintiff is limited to performance of "simple instructions and repetitive un-skilled work that involved only occasional interactions with the general public." (TR 69). Thus, in opining that Mr. Rothwell could perform work as a small parts assembler, surveillance system monitor, or products inspector, the vocational expert was not asked to consider the significance of moderate limitations in concentration, persistence, or pace in the performance of such work roles as would seemingly require sustained attention and concentration. Nevertheless, the Law Judge relied on the testimony of the vocational expert in determining that Mr. Rothwell retains sufficient functional capacity for several specific work roles existing in significant number in the national economy. (TR 33-34).

In <u>Walker v. Bowen</u>, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

In her opinion, the Administrative Law Judge did not undertake to explain her reasoning in omitting findings of moderate limitation in concentration, persistence, and pace in the assessment of plaintiff's residual functional capacity, and in the formulation of the hypothetical question for the vocational expert. The court notes that the Commissioner sometimes argues that such moderate limitations are subsumed under a finding that a claimant is capable of performing only simple, routine, repetitive tasks. However, the court does not believe that the hypothetical question, which assumed that plaintiff can perform unskilled work which requires nothing more

6

than the execution of simple job instructions, was sufficient to alert the vocational expert to the existence of moderate limitations in plaintiff's concentration, work persistence, and attendance to task. Indeed, the court believes that consideration of such limitations would be especially important in assessing capacity for production work.

As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at *3 (M.D. Fla. March 23, 2009) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at *9 (M.D. Fla. September 21, 2012) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases); and Sexton v. Colvin, 21 F.Supp.2d 639, 642-3 (W.D.Va. May 19, 2014) (a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace).

In Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) the United States Court of Appeals for the Fourth Circuit recently reached a similar conclusion:

7

> In addition, we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Id. at 638. The court believes that the rationale of Mascio applies directly to Mr. Rothwell's appeal. Thus, the court finds "good cause" for remand of the case to the Commissioner for further consideration of this critical issue.

On appeal to this court, plaintiff argues that the final decision of the Commissioner should be reversed and cites several reasons in support of his contention. Mr. Rothwell notes that the treating physician, Dr. Pagan, has submitted responses to a questionnaire, indicating that plaintiff should attempt to keep his legs elevated when in a nonambulatory position, for several hours daily. (TR 987). Plaintiff also observes that the vocational expert testified that there would be no jobs available under the Administrative Law Judge's hypothetical question if plaintiff experiences the medical necessity to elevate his legs during a work day. (TR 69). However, the court does not believe that the circumstances identified by Mr. Rothwell support the determination that he is disabled for all forms of work activity. The court reads Dr. Pagan's report to suggest that Mr. Rothwell should elevate his legs if it is possible, and not that he would be unable to sit for prolonged periods without elevating his lower extremities. Indeed, as recognized by the Administrative Law Judge, it seems that Mr. Rothwell worked as a dispatcher for many years with essentially the same circulatory problems identified by Dr. Pagan.

Plaintiff also maintains that the Law Judge failed to properly consider his morbid obesity, a condition which the Law Judge also found to be severe. However, the court believes that in

8

considering the synergistic effect of plaintiff's impairments, especially in terms of plaintiff's arthritis, circulatory problems, and effusion, the Administrative Law Judge considered the impact of plaintiff's obesity. (TR 31). Once again, the court notes that Mr. Rothwell experienced essentially the same weight problem during the period of time in which he was productively employed. Stated succinctly, the court concludes that there is substantial evidence to support the Commissioner's finding that the interplay of plaintiff's obesity is not such as to render him disabled for all forms of substantial gainful employment.

Finally, Mr. Rothwell contends that the Administrative Law Judge failed to give proper consideration to his subjective symptoms, as set forth in his testimony at the administrative hearing. While it is true that Mr. Rothwell's testimony, especially in terms of his stamina and the swelling in his lower extremities, strongly suggests that he is unable to perform any work role on a regular and sustained basis, the court believes that in assessing plaintiff's residual functional capacity, the Administrative Law Judge gave full consideration to his symptoms as documented by his testimony at the hearing. In this respect, the court notes that, in formulating her assessment of plaintiff's residual functional capacity, the Law Judge specifically considered Mr. Rothwell's testimony, and the extent to which his subjective problems could be expected to affect his ability to do work-related activities. While the court may have made different findings, the court believes that the Law Judge's assessment finds reasonable support in the medical record. As a general matter, as might be expected with a diagnosis of intractable diabetes, the medical records reveal that while Mr. Rothwell has experienced an uneven treatment history, his doctors have generally prescribed conservative treatment for his medical impairments. The court finds substantial evidence to support the notion that plaintiff's testimony at the administrative

9

hearing was somewhat out of proportion to his medical history. In any event, inasmuch as the court has determined to remand this case to the Commissioner, Mr. Rothwell may pursue the same argument upon reconsideration of his claims for benefits.

In summary, the court concludes that the critical hypothetical question posed by the Administrative Law Judge, excluding plaintiff's moderate limitations in concentration, persistence, and pace, was not consistent with the evidence of record, or the Law Judge's explicit findings. Accordingly, the court will remand the case to the Commissioner for further development and consideration. If the Commissioner is unable to decide the case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at which a comprehensive hypothetical question can be put to a qualified vocational expert. Upon remand, both sides will be allowed to present additional evidence and argument. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This \_\_\_1st\_\_\_ day of September, 2016.

_____
Chief United States District Judge

10

Case 7:15-cv-00691-GEC   Document 19   Filed 09/01/16   Page 10 of 10   Pageid#: 1111